UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, ex-rel
MARIANNE D. GUZALL, and MARIANNE
D. GUZALL a/k/a MARIANNA GUZALL,
individually,

        Plaintiff,                          Civil Case No. 13-cv-11327
                                                              Honorable Linda V. Parker

v.

CITY OF ROMULUS, ALAN R. LAMBERT,
and BETSEY KRAMPITZ,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER AND/OR RECONSIDERATION AND/OR CLARIFICATION AND EXTENDING STAY**

      This matter is presently before the Court on Plaintiff's October 20, 2014 motion seeking reconsideration of or relief from this Court's disqualification of Raymond Guzall III ("Mr. Guzall") as Plaintiff's counsel. (ECF No. 39.) In support of the motion, Plaintiff cites Federal Rules of Civil Procedure 60(b)(1) and (6) and Eastern District of Michigan Local Rule 7.1. (*Id*.) Defendants filed a response to the motion on October 28, 2014. (ECF No. 41.)

      On September 3, 2014, this Court issued an opinion and order granting Defendants' motion to disqualify Mr. Guzall as Plaintiff's counsel. (ECF No. 35.)

The Court found that while serving as Assistant City Attorney for the City of Romulus ("City"), Mr. Guzall had acquired confidential information from City employees, including Plaintiff, that precluded him from representing Plaintiff in this matter which concerns matters substantially related to that confidential information. (*Id*. at 13-19.) For reasons stated in a subsequent order (ECF No. 37), the Court entered an amended opinion and order reaching the same conclusion on October 9, 2014. (ECF No. 39.) The amended opinion and order was substantially identical to the initial decision, except that at the conclusion, the Court stayed the matter for thirty days to permit Plaintiff to obtain new counsel, or to allow any party to seek interlocutory appeal. (*Id*. at 19.)

## Applicable Standards

Federal Rule of Civil Procedure 60(b)(1) allows a district court to vacate an order or final judgment because of "mistake, inadvertence, surprise, or excusable neglect." According to the Sixth Circuit Court of Appeals, this provision "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Rule 60(b)(6) permits a court to grant

relief for "any other reason that justifies" it; however, the rule applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). The exceptional circumstances require "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

> Local Rule 7.1 provides in relevant part:
>
> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one which is "obvious, clear, and unmistakable." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citing *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich.1997)).

## Analysis

In her pending motion, Plaintiff argues that the Court made a mistake of law and fact in that it misunderstood the attorney-client privilege as it applies to municipal corporations and the extent to which Mr. Guzall provided legal advice to

3

City employees while serving as Assistant City Attorney. Plaintiff contends that Mr. Guzall never gave legal advice to the City on the subject matter of the present litigation or to his wife, Plaintiff, when she disclosed the misfeasance or malfeasance that is alleged in this lawsuit.

Plaintiff raises nothing new in her pending motion and, on this basis alone, the motion should be denied. Moreover, her arguments fail to demonstrate that the Court erred in finding that Mr. Guzall is disqualified from representing her because he obtained confidential information while serving as Assistant City Attorney. The receipt of confidential information and the giving of legal advice during the attorney-client relationship are distinct basis to disqualify Mr. Guzall as counsel in this matter.

The Court sees no need for a hearing to address the issues raised in Plaintiff's motion. (*See* ECF No. 39 at Pg ID 733.) The Court also does not believe that further clarification of its previous decision is needed. However, because the Federal Rules of Appellate Procedure extend the time for seeking an appeal due to the filing of a Rule 60 motion, *see* Fed. R. App. P. 4(a)(4)(vi), 5(a)(2), the Court is extending the stay in the event Plaintiff intends to file a motion for permission to appeal.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Relief from Order and/or Reconsideration and/or Clarification (ECF No. 39) is **DENIED**;

**IT IS FURTHER ORDERED**, that this matter is **STAYED** for an additional thirty (30) days from the date of this Opinion and Order to permit Plaintiff to obtain new counsel or to allow any party to file a motion in the United States Court of Appeals for the Sixth Circuit for permission to appeal under Federal Rule of Appellate Procedure 5. *See* Fed. R. App. P. 4(a)(1)(A), 5(a)(2). If no such motion is filed within that time, the stay will be dissolved. If such a motion is filed, the stay will continue until the motion is resolved by the court of appeals.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 21, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 21, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager
