UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIANNE D. GUZALL,

        Plaintiff,

                                            Civil Case No. 13-11327

v.                                          Honorable Linda V. Parker

CITY OF ROMULUS, et al.

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RETURN OF FUNDS

Marianne D. Guzall ("Mrs. Guzall"), a former employee of Defendant City of Romulus, filed this lawsuit against Defendants as a qui tam action alleging violations of the False Claims Act, and as an individual action alleging violations of her rights under federal and state law.[1]  On June 3, 2014, Defendants moved to disqualify Raymond Guzall III, Mrs. Guzall's husband, as Plaintiff's counsel.  This Court granted Defendants' motion in an Opinion and Order entered September 3, 2014.  (ECF No. 35.)  On October 9, 2014, the Court entered an amended decision staying the case for thirty days "to permit Plaintiff to obtain new counsel, or to allow any party to file a motion in the United States Court of Appeals for the Sixth Circuit for permission to appeal under Federal Rule of Appellate Procedure 5."

---

[1] The United States of America has declined to intervene in this action.  (ECF No. 8.)

(ECF No. 38 at 19-20, citing Fed. R. App. P. 4(a)(1)(A), 5(a)(2).) The Court indicated that "[i]f no such motion is filed within that time, the stay will be dissolved. If such a motion is filed, the stay will continue until the motion is resolved by the court of appeals." (*Id*.) After the Court denied a subsequently filed motion for reconsideration by Plaintiff, Plaintiff filed a notice of appeal. Plaintiff paid the filing fee for the appeal.

On January 30, 2015, the Sixth Circuit Court of Appeals issued an order sua sponte dismissing Plaintiff's appeal for lack of jurisdiction. *Guzall v. City of Romulus*, No. 14-2543 (6th Cir. Jan. 30, 2015). As the court held: "[O]rders disqualifying counsel in civil cases, like orders disqualifying counsel in criminal cases and orders denying a motion to disqualify in civil cases, are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291." *Id*. at 2 (citing *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440 (1985); *In re Mechem*, 880 F.2d 872, 873 (6th Cir. 1989)). On February 19, 2015, new counsel entered an appearance on the district court docket on behalf of Plaintiff and, on March 27, 2015, this Court issued a Scheduling Order. In the interim, on March 3, 2015, Plaintiff filed a motion seeking a return of the monies paid for the appeal. (ECF No. 50.)

In her motion, Plaintiff quotes the following language from this Court's decision denying Plaintiff's motion for reconsideration:

> . . . because the Federal Rules of Appellate Procedure extend the time for seeking an appeal due to the filing of a Rule 60 motion, *see* Fed. R. App. P. 4(a)(4)(vi), 5(a)(2), the Court is extending the stay in the event Plaintiff intends to file a motion for permission to appeal.

(ECF No. 50 ¶ 1, quoting ECF No. 42 at 4.)  Plaintiff interprets this language as indicating that the Court "conferred authority allowing Plaintiff to file her appeal by leave." (*Id.* ¶ 2.)  Because the Sixth Circuit held that a trial court cannot provide authority for the appeal and declined to hear the appeal, Plaintiff believes that she is entitled to a refund of the appellate court filing fee. (*Id.* ¶¶ 3, 4.)

This Court included the above quoted language because Plaintiff repeatedly indicated in an earlier motion that she might file a motion for reconsideration and/or an interlocutory appeal with respect to the decision disqualifying Mr. Guzall. (*See* ECF No. 36.)  Thus, as quoted earlier, this Court had stayed the case for thirty days "to permit Plaintiff to obtain new counsel, or to allow any party *to file a motion* in the United States Court of Appeals for the Sixth Circuit *for permission* to appeal under Federal Rule of Appellate Procedure 5." (ECF No. 38 at 19-20, emphasis added.)  The Court has never granted Plaintiff permission to appeal, nor could it.  *See* 28 U.S.C. § 1292; *see also* Fed. R. App. P. 5.  The Court expects counsel to know and understand the rules governing proceedings in the federal courts.

Plaintiff and/or her counsel chose to file an appeal of an interlocutory order and to pursue her appeal in the manner that she did.  The fact that the Sixth Circuit

concluded that it lacked jurisdiction to adjudicate the appeal does not entitle Plaintiff to a return of the appellate court's filing fee. Plaintiff cites no authority for such a request. Moreover, allowing refunds under these circumstances would encourage interlocutory appeals by litigants dissatisfied with district court rulings.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Return of Funds is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: April 13, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 13, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager