UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
ex rel MARIANNE D. GUZALL and
MARIANNE D. GUZALL a/k/a
MARIANNA GUZALL,

        Civil Case No. 13-11327
    Plaintiff,        Honorable Linda V. Parker

v.

CITY OF ROMULUS, ALAN R. LAMBERT,
and BETSEY KRAMPITZ,

    Defendants.
_____/

**OPINION AND ORDER DENYING MOTION TO STAY PROCEEDINGS AS TO DEFENDANT ALAN R. LAMBERT**

    On March 26, 2013, Marianne D. Guzall ("Mrs. Guzall") filed this lawsuit against Defendants as a qui tam action alleging violations of the False Claims Act, and as an individual action alleging violations of her rights under federal and state law.[1] Defendants are the City of Romulus (the "City" or "Romulus"), the City's former Mayor Alan R. Lambert ("Mayor Lambert"), and the City's former Chief of Staff Betsey Krampitz ("Ms. Krampitz"). As relevant to the pending motion, Mrs. Guzall alleges that her employment with the City was terminated on March 11, 2011, due in whole or in part to her speech on matters of public concern--

---

[1] The United States of America has declined to intervene in the action. (*See* ECF No. 8.)

specifically Mayor Lambert's and Ms. Krampitz's alleged abuse of their positions and/or power and misuse of funds. (*See*, Am. Compl. ¶¶ 26, 27.) Presently before the Court is a motion to stay the proceedings as to Mayor Lambert, only, filed June 18, 2015. Mrs. Guzall filed a response to the motion on June 19, 2015.

In his motion, Mayor Lambert seeks to stay "any and all proceedings against him in this matter until the conclusion of any underlying criminal proceedings." (ECF No. 59 at ¶ 6.) Mayor Lambert does not claim that there in fact are pending criminal proceedings or indictments issued against him. Instead, he claims that "[o]n information, this matter [criminal activities involving Mayor Lambert] continues to be investigated by law enforcement agencies who *may* recommend formal charges against [him]." (*Id*. at ¶ 3, emphasis added.) Mayor Lambert has informed his counsel that he seeks to invoke his right against self-incrimination as guaranteed by the United States Constitution and Michigan Constitution. (*Id*. ¶ 4.)

A court has the broad discretion to stay a civil proceeding when there is a pending or impending parallel criminal action. *See Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936)). Failure to stay a civil proceeding where there is a pending parallel criminal action targeting one of the parties to the civil action could undermine the party's Fifth Amendment privilege against self-incrimination.

*In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). Several factors are relevant to a court's decision whether to grant a stay, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Fleming*, 498 F. Supp. 2d at 1037 (citing *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

"In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted." *Id.* (citing cases). Pre-indictment requests for a stay usually are denied "because the risk of self-incrimination is reduced at the pre-indictment stage, and because of the uncertainty surrounding when, if ever, indictments will be issued, as well as the effect of the delay on the civil trial." *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. Civ. A. 01-5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002) (unpublished opinion) (citing *Walsh Sec., Inc. v. Cristo Prop. Mgmt. Ltd.*, 7 F. Supp. 2d. 523, 527 (D.N.J. 1998) (citing *United States v. Private Sanitation Indus. Ass'n*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992)). Some courts have expressed that where a defendant filing a motion to stay has not been indicted, the motion may be denied on that ground alone. *Id.* (citing

*Private Sanitation Indus. Ass'n.*, 811 F. Supp. at 805-06; *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir.1980)). However, other courts have expressed that "a stay should not be categorically denied solely because the defendant has not yet been indicated." *Fleming*, 498 F. Supp. 2d at 1038 (citing *Walsh Sec., Inc.*, 7 F. Supp. 2d at 527) ("It is 'still possible' to obtain a stay, even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation."))

Regardless of which line of cases this Court would be inclined to follow, in addition to a lack of evidence of any criminal proceeding or an indictment issued against him, Mayor Lambert offers no proof of an actual criminal investigation into his conduct. Instead, his assertion is carefully worded to state that only "on information" is a criminal investigation ongoing. The lack of evidence of a criminal proceeding, much less an investigation, is particularly significant where the misconduct Mrs. Guzall claims to have spoken about, which allegedly led to her termination, occurred more than four years ago. As time passes, it seems less and less likely that any criminal proceedings will ensue concerning the conduct at issue in this case.

Absent evidence of a pending investigation, the Court cannot determine, for example, who is being investigated or the conduct for which they are being investigated. As such, the Court has no way of assessing whether there is any

overlap between the civil and criminal proceedings. "If there is no overlap, then there would be no danger of self-incrimination and no need for a stay." *Fleming*, 498 F. Supp. 2d at 1039 (internal quotation marks and citation omitted). The district court in *Fleming* therefore found the extent of the overlap to be "the most important factor" in the court's analysis of whether a stay is appropriate. *Id*. The other factors relevant to deciding whether a stay is appropriate also cannot be realistically evaluated without this information.

In short, without evidence that there in fact is a parallel criminal investigation or proceeding, this Court cannot find justification for a stay of these civil proceedings.

Accordingly,

**IT IS ORDERED**, that the Motion to Stay Proceedings as to Defendant Alan R. Lambert is **DENIED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: July 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 27, 2015, by electronic and/or U.S. First Class mail.

                                                  s/ Richard Loury
                                                  Case Manager