## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

MARIANNA D. GUZALL,

                Case No. 2:13-cv-11327
                Hon. Linda V. Parker

               Plaintiff,

vs.

CITY OF ROMULUS,
ALAN R. LAMBERT,
in his official and unofficial capacity,
BETSEY KRAMPITZ,
in her official and unofficial capacity,
Jointly and Severally,
      Defendants.

_____/

# PLAINTIFF'S EMERGENCY MOTION TO COMPEL AND TO EXTEND DISCOVERY FOR PLAINTIFF ONLY AND FOR SANCTIONS AS DEFENDANT'S HAVE PURPOSEFULLY DISREGARDED THIS COURT'S ORDERS TO FURTHER DELAY THIS LAWSUIT

1

NOW COMES Plaintiff, Marianna Guzall, by and through her
attorney, Leonard Mungo, and for her Motion states as follows:

1.    On February 19, 2015, Plaintiff noticed the Deposition of Alan
      Lambert. (Exhibit 1, Notice of Deposition).

2.    Several requests have been made since February 19, 2015 to obtain
      the deposition of Mr. Lambert.

3.    Mr. Lambert's attorney then filed a motion to stay proceedings to
      prevent the deposition of Alan Lambert based upon a claimed
      investigation and him asserting the 5th Amendment.

4.    On June 19, 2015, Plaintiff responded to Defendant Lambert's
      motion and stated that Mr. Lambert would have to answer fact
      questions related to the termination of Plaintiff's employment.

5.    On July 27, 2015 this Court denied Defendant Lambert's motion to
      stay proceedings based upon his 5th amendment claim. (Exhibit 2).

6.    On June 30, 2015, Mr. Burcroff's deposition was continued, yet
      Defense Counsel prevented the deposition from moving forward.

7.    Plaintiff was therefore forced to file for relief from this Court so that
      Lambert's deposition could be taken and Mr. Burcroff's deposition
      could be finished so Plaintiff could proceed forward with her case.

2

8. This Court then entered an order extending discovery and ordered that Defendant Lambert's deposition would take place prior to Plaintiff's deposition. (Exhibit 3).

9. Plaintiff's Counsel appeared on October 30, 2015 in Defendant Lambert's attorney's office to take his deposition.

10. Defendant Lambert refused to answer any fact questions regarding employment, and stated that he would answer all questions the same, in that he was asserting the 5th amendment and would not answer any questions.

11. Plaintiff's Counsel instructed all attorneys that Defendant Lambert was violating the orders of this court by not allowing Defendant Lambert to answer fact questions related to the employment issues in this case, and asked that this Court's orders be followed. Defense Counselors stood in unison and stated that Defendant Lambert would not answer any questions.

12. Plaintiff's Counsel then instructed all attorneys that he would be forced to file a motion immediately for relief as the Court's orders were being violated by Defendants. Defense Counsel still did not alter their course, forcing the filing of this motion.

13. This Court stated in it's order that discovery would **not** be extended further.  (Exhibit 3).

14. Defendant's filed a motion on October 29, 2015 to extend discovery, in complete contradiction to this Court's order.

15. Plaintiff has been left with no option but to file her instant Motion as Defense Counsel is refusing to abide by the Court's orders and refusing to allow Mr. Lambert to answer any questions at his deposition, and discovery currently ends on November 9, 2015.

WHEREFORE, Plaintiff requests this Honorable Court grant her Motion to Compel and Order that Mr. Lambert be produced for his deposition, in the courthouse if need be, so that he will answer those fact questions regarding the termination of Plaintiff's employment, along with the other allegations within Plaintiff's Complaint and/or default Defendant Lambert in this case.   Plaintiff further requests this court extend discovery for Plaintiff only to allow for the additional depositions of at least 5 witnesses, and award her costs and attorney fees for having to file this Motion and to appear at the deposition where Defendant Lambert would not answer any questions, and Plaintiff also requests all other relief the Court deems proper in her favor.

4

## PLAINTIFF MARIANNA GUZALL'S BRIEF IN SUPPORT OF HER MOTION

Plaintiff has filed with this Court previously in Response to Defendant Lambert's Motion based upon his 5th Amendment claims that the law holds, "Certainly a person who seeks, on fifth amendment grounds, to avoid sanctions otherwise imposable for disobeying a court's order to give evidence **must show how the requested discovery will be incriminating**." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1076 (6th Cir. 1990), emphasis added.

Defendant Lambert has not shown that answering questions as to his involvement in terminating Plaintiff's employment will be incriminating. Whether or not Alan Lambert had discussions with his staff about Plaintiff's termination are not incriminating. Testimony by Defendant Lambert as to Plaintiff's work in Romulus is not incriminating.

This Court reviewed the arguments above by Plaintiff and ordered that Defendant Lambert's Motion to Stay Proceedings based upon his claim of the 5th amendment was denied. (Exhibit 2). In addition, Plaintiff has scheduled the depositions of Mr. Turner, Mr. Ladach and Ms. Conway for November 5, 2015 and Defense Counsel stated TODAY at Defendat Lambert's deposition that they would not be producing those employees

because Defense Counsel did not know if they were going to be involved in litigation against the City of Romulus. Defense Counsel's knowledge as to whether or not a witness will be suing the City of Romulus is inconsequential to the witnesses being produced.

Plaintiff would like to move her case forward. The gamesmanship and obstructionist behavior by Defense Counsel has obtained levels that Plaintiff's Counsel has never seen before in 25 plus years as an attorney.

Defendants filed a motion to extend discovery on October 29, 2015 after 5 pm. Defendants have failed to abide by this Court's 2 prior orders by refusing to allow Defendant Lambert answer questions at his deposition. (Exhibits 2 and 3). Plaintiff's Counsel attended the deposition of Alan Lambert on October 30, 2015, that never occurred because he refused to answer any questions. Plaintiff now has to pay for a deposition transcript riddled with attorney banter, again, and with NO answers to any questions by Defendant Lambert.

Defense Counsel have also stated that they will not now produce those witnesses (Ladach, Turner and Conway) on November 5, 2015 who have been scheduled by Plaintiff for their depositions, and are now demanding that Plaintiff be deposed contrary to this Court's order, prior to

the deposition of Defendant Lambert. (Exhibit 3).

Pursuant to FRCP 37, the court may compel the discovery requested and also impose sanctions for Defendants failure to abide by the court's prior orders by refusing to producing witnesses for their depositions prior to the close of discovery. See also more specifically, FRCP 37 (b) and FRCP 37 (d). In addition:

"Section 1927 of Title 28 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Litigation conduct is reviewed "for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety." *Jones,* 789 F.2d at 1230. Absent a showing of bad faith, sanctions may be imposed "at least when an attorney knows or reasonably should know that a claim pursued is frivolous, **or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.**" *Ridder,* 109 F.3d at 298, *quoting Jones,* 789 F.2d at 1230. "[T]he mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Ridder,* 109 F.3d at 298. "An attorney is liable under § 1927 solely for excessive costs resulting from the violative conduct." *Id.* at 299. Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under § 1927. *In re Ruben,* 825 F.2d at 984. "There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their

7

experience on the bench, could agree **falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party**." *Id.*" *Riddle v Egensperger*, 266 F3d 542, 553 (CA 6 2001), emphasis added.

Defense Counsel's refusal to allow Defendant Lambert to answer fact questions regarding his and Plaintiff's employment, or any questions at all, was in clear violation of the Federal Rules of Civil Procedure and this Court's orders, and has caused additional expense and delay to Plaintiff and Plaintiff's Counsel. The attached affidavit of Virginia Williams illustrates that Plaintiff's case will move to trial. (Exhibit 4). Plaintiff would like to move her case forward, however Defendants have at every turn obstructed the discovery process in this case, and therefore Plaintiff requests the relief requested in her Motion as stated herein.

Respectfully submitted,

/s/Leonard Mungo
Leonard Mungo (P43562)
Attorney for Plaintiff
333 West Fort Street Suite 1500
Detroit, MI 48226
(313) 963-0200
mungol16@msn.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification of such filing to the attorneys of record and I hereby certify that there are no manual recipients on the Notice List.

/s/Leonard Mungo
Leonard Mungo (P43562)
Attorney for Plaintiff
333 West Fort Street Suite 1500
Detroit, MI 48226
(313) 963-0200
mungo16@msn.com

9

## INDEX OF EXHIBITS

1.    Notice of Deposition for Defendant Lambert

2.    Order of this Court dated July 27, 2015

3.    Order of this Court dated September 9, 2015

4.    Affidavit of Virginia Williams

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARIANNA D. GUZALL,

Case No. 2:13-cv-11327
Hon. Linda V. Parker

Plaintiff,

vs.

CITY OF ROMULUS,
ALAN R. LAMBERT,
in his official and unofficial capacity,
BETSEY KRAMPITZ,
in her official and unofficial capacity,
Jointly and Severally,
        Defendants.

_____/

## NOTICE FOR DEPOSITION OF ALAN R. LAMBERT

PLEASE TAKE NOTICE that Plaintiff, Marianna Guzall, by and through her

attorney, Leonard Mungo, shall take the deposition of Alan R. Lambert, pursuant to the

applicable Federal Court Rules.  The deposition will take place on Thursday April 16,

2015, beginning at 9:30 a.m., at the offices of, John Gillooly, 1000 Woodbridge Street,

Detroit MI, 48207 and will continue until completed before a Notary Public or other

person authorized to administer oaths.

Respectfully submitted,

Leonard Mungo (P43562)
333 West Fort Street Suite 1500
Detroit, MI 48226
(313) 963-0200
mungol16@msn.com

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above
cause at their respective business addresses as disclosed by the pleadings of record herein on February 19, 2015.  I declare under
penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

By:  X   U.S. Mail          FAX          Court Registered Electronic Mail

Leonard Mungo

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
ex rel MARIANNE D. GUZALL and
MARIANNE D. GUZALL a/k/a
MARIANNA GUZALL,

                                 Civil Case No. 13-11327
          Plaintiff,               Honorable Linda V. Parker

v.

CITY OF ROMULUS, ALAN R. LAMBERT,
and BETSEY KRAMPITZ,

          Defendants.
_____/

## OPINION AND ORDER DENYING MOTION TO STAY PROCEEDINGS AS TO DEFENDANT ALAN R. LAMBERT

On March 26, 2013, Marianne D. Guzall ("Mrs. Guzall") filed this lawsuit

against Defendants as a qui tam action alleging violations of the False Claims Act,

and as an individual action alleging violations of her rights under federal and state

law.[1] Defendants are the City of Romulus (the "City" or "Romulus"), the City's

former Mayor Alan R. Lambert ("Mayor Lambert"), and the City's former Chief of

Staff Betsey Krampitz ("Ms. Krampitz"). As relevant to the pending motion, Mrs.

Guzall alleges that her employment with the City was terminated on March 11,

2011, due in whole or in part to her speech on matters of public concern--

---

[1] The United States of America has declined to intervene in the action. (*See* ECF
No. 8.)

specifically Mayor Lambert's and Ms. Krampitz's alleged abuse of their positions and/or power and misuse of funds. (*See*, Am. Compl. ¶¶ 26, 27.) Presently before the Court is a motion to stay the proceedings as to Mayor Lambert, only, filed June 18, 2015. Mrs. Guzall filed a response to the motion on June 19, 2015.

In his motion, Mayor Lambert seeks to stay "any and all proceedings against him in this matter until the conclusion of any underlying criminal proceedings." (ECF No. 59 at ¶ 6.) Mayor Lambert does not claim that there in fact are pending criminal proceedings or indictments issued against him. Instead, he claims that "[o]n information, this matter [criminal activities involving Mayor Lambert] continues to be investigated by law enforcement agencies who *may* recommend formal charges against [him]." (*Id*. at ¶ 3, emphasis added.) Mayor Lambert has informed his counsel that he seeks to invoke his right against self-incrimination as guaranteed by the United States Constitution and Michigan Constitution. (*Id*. ¶ 4.)

A court has the broad discretion to stay a civil proceeding when there is a pending or impending parallel criminal action. *See Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936)). Failure to stay a civil proceeding where there is a pending parallel criminal action targeting one of the parties to the civil action could undermine the party's Fifth Amendment privilege against self-incrimination.

*In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990).   Several

factors are relevant to a court's decision whether to grant a stay, including:

> 1) the extent to which the issues in the criminal case overlap with
> those presented in the civil case; 2) the status of the case, including
> whether the defendants have been indicted; 3) the private interests of
> the plaintiffs in proceeding expeditiously weighed against the
> prejudice to plaintiffs caused by the delay; 4) the private interests of
> and burden on the defendants; 5) the interests of the courts; and 6) the
> public interest.

*Fleming*, 498 F. Supp. 2d at 1037 (citing *Trustees of the Plumbers & Pipefitters*

*Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y.

1995)).

     "In general, courts recognize that the case for a stay is strongest where the

defendant has already been indicted." *Id.* (citing cases).   Pre-indictment requests

for a stay usually are denied "because the risk of self-incrimination is reduced at

the pre-indictment stage, and because of the uncertainty surrounding when, if ever,

indictments will be issued, as well as the effect of the delay on the civil trial."

*State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. Civ. A. 01-5530, 2002 WL

31111766, at *2 (E.D. Pa. Sept. 18, 2002) (unpublished opinion) (citing *Walsh*

*Sec., Inc. v. Cristo Prop. Mgmt. Ltd.*, 7 F. Supp. 2d. 523, 527 (D.N.J. 1998) (citing

*United States v. Private Sanitation Indus. Ass'n*, 811 F. Supp. 802, 805 (E.D.N.Y.

1992)).   Some courts have expressed that where a defendant filing a motion to stay

has not been indicted, the motion may be denied on that ground alone. *Id.* (citing

*Private Sanitation Indus. Ass'n.*, 811 F. Supp. at 805-06; *SEC v. Dresser Indus.,
Inc.*, 628 F.2d 1368, 1376 (D.C. Cir.1980)). However, other courts have expressed
that "a stay should not be categorically denied solely because the defendant has not
yet been indicated." *Fleming*, 498 F. Supp. 2d at 1038 (citing *Walsh Sec., Inc.*, 7
F. Supp. 2d at 527) ("It is 'still possible' to obtain a stay, even though an
indictment or information has not yet been returned, if the Government is
conducting an active parallel criminal investigation."))

Regardless of which line of cases this Court would be inclined to follow, in
addition to a lack of evidence of any criminal proceeding or an indictment issued
against him, Mayor Lambert offers no proof of an actual criminal investigation into
his conduct. Instead, his assertion is carefully worded to state that only "on
information" is a criminal investigation ongoing. The lack of evidence of a
criminal proceeding, much less an investigation, is particularly significant where
the misconduct Mrs. Guzall claims to have spoken about, which allegedly led to
her termination, occurred more than four years ago. As time passes, it seems less
and less likely that any criminal proceedings will ensue concerning the conduct at
issue in this case.

Absent evidence of a pending investigation, the Court cannot determine, for
example, who is being investigated or the conduct for which they are being
investigated. As such, the Court has no way of assessing whether there is any

overlap between the civil and criminal proceedings. "If there is no overlap, then there would be no danger of self-incrimination and no need for a stay." *Fleming*, 498 F. Supp. 2d at 1039 (internal quotation marks and citation omitted). The district court in *Fleming* therefore found the extent of the overlap to be "the most important factor" in the court's analysis of whether a stay is appropriate. *Id.* The other factors relevant to deciding whether a stay is appropriate also cannot be realistically evaluated without this information.

In short, without evidence that there in fact is a parallel criminal investigation or proceeding, this Court cannot find justification for a stay of these civil proceedings.

Accordingly,

**IT IS ORDERED**, that the Motion to Stay Proceedings as to Defendant Alan R. Lambert is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 27, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager

# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
*ex rel* MARIANNE GUZALL, and
MARIANNE GUZALL, individually,

                 Plaintiff,

v.

CITY OF ROMULUS, ALAN LAMBERT
and BETSY KRAMPITZ,

                 Defendants.

Civil Action No. 13-11327
Honorable Linda V. Parker
Magistrate Judge David R. Grand

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF ROMULUS' MOTION TO COMPEL [68]

Before the Court is Defendant City of Romulus' ("City") Motion to Compel (Doc. #68), which was referred to this Court for hearing and determination pursuant to 28 U.S.C. §636(b)(1)(A) (Doc. #69).  On September 8, 2015, this Court held an informal telephonic conference with the parties' counsel, during which it was agreed as follows:

- Before the close of business on **September 11, 2015**, Plaintiff will provide her cell phone, containing the original audio recording referenced in the City's motion to compel, to a court reporter for verbatim transcription. It is anticipated that such transcription will be completed and provided to Defendants on or before September 18, 2015.

- The parties will conduct the following depositions, in the following order: (1) Plaintiff's continued deposition of Mayor Burcroff, for no more than thirty (30) minutes, and regarding only the audio recording referenced above; (2) Plaintiff's deposition of Mayor Lambert; (3 and 4) Defendants' depositions of Plaintiff and Plaintiff's husband, Raymond Guzall (in whatever order Defendants choose); and (5) the three remaining City employee depositions Plaintiff's attorney indicated a desire to take. Counsel for the parties are directed to work cooperatively in the scheduling and taking of these depositions to ensure that they are completed as quickly and efficiently as possible.

As discussed on the telephone call, and after further consideration of timing issues, the

Court will extend the discovery cutoff for a period of **forty-five (45) days**, to **November 9, 2015**. The Court finds that such an extension will allow ample time for the parties to complete the depositions set forth above, as well as any other necessary discovery, particularly if the parties' attorneys work diligently and cooperatively. The remaining dates set forth in the District Court's March 27, 2015 Scheduling Order (Doc. #52) will not be extended, as the Court believes that the parties will have adequate time to prepare any dispositive motions (if necessary) between the new discovery cutoff (November 9, 2015) and the existing dispositive motion cutoff (December 16, 2015). No further extensions of dates in this case will be granted.

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** the City's motion to compel (**Doc. #68**), as set forth above. The discovery cutoff in this case is now **November 9, 2015**; however, all remaining dates set forth in the District Court's March 27, 2015 Scheduling Order (Doc. #52) remain in full force and effect.

**IT IS SO ORDERED.**

Dated: September 9, 2015                   s/David R. Grand
Ann Arbor, Michigan                        DAVID R. GRAND
                                           United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

2

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 9, 2015.

        s/Eddrey O. Butts
        EDDREY O. BUTTS
        Case Manager

3

# EXHIBIT 4

### AFFIDAVIT OF VIRGINIA WILLIAMS

I, Virginia Williams, make the following statements and general affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of my knowledge:

1. I am over the age of 18 and I am a resident of the City of Romulus and the State of Michigan. I have personal knowledge of the facts herein and if called as a witness at trial, will testify competently to the facts herein.

2. I had several conversations with Betsey Krampitz regarding the employment of Marianne Guzall. Shortly before Marianne Guzall's employment was terminated in Romulus, Betsey Krampitz told me that Mayor Lambert told her that Marianne Guzall talks too much and that she had to be let go, and that Leroy Burcroff was complaining to Mayor Lambert about Marianne Guzall complaining to Burcroff about things going on in the Mayor's office. From what I have seen and heard from Betsey Krampitz who was the Romulus Chief of Staff at that time and from Alan Lambert who was the Mayor of Romulus at that time, Marianne Guzall was wrongfully fired/laid off. Alan Lambert told me prior to the millage increase vote in Romulus that Marianna Guzall was going to be let go because she talks too much, so I know when Mayor Lambert and the City of Romulus later claimed that they had to lay off Marianna Guzall because of the millage not passing, that was a false statement and not the real reason they terminated her employment. Alan Lambert told me that Marianna Guzall was complaining about things that were going on in the Mayors office and was making those complaints to Leroy Burcroff, and Lambert said those things that Marianne was saying were not true. I told him Marianna is loyal and his best employee and that she should not be fired. He told me she had to go. I had all of those conversations with Mayor Lambert at the Romulus Athletic Club, and because I disagreed with him about Marianne being fired, he had Richard Suiter physically pull me away from him at one point when I was standing next to him and talking to him while he was on the tread mill. I filed a police report for assault and battery against Richard Suiter, who was an employee at that time at the Romulus athletic center.

3. I have been told by Mayor Lambert to keep my mouth shut about things I knew as to him and because I did not keep my mouth shut and I talked about those illegal actions of Mayor Alan Lambert, my husbands' truck was burned. I am fearful of telling the truth because I have been retaliated against by Alan Lambert in the past for telling the truth and speaking out about the truth, but I will tell the truth in court, as I have told the truth in this affidavit.

_Virginia Williams_
Virginia Williams

A. McClendon
Notary Public, State of Michigan
County of Macomb
My Commission Expires 11/2020
Acting in the County Of:

Subscribed and sworn to before me
this 19 day of Feb , 2015.

Notary Public _Macomb_ County, MI
My commission expires:
11/29/2020