UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
*ex rel* MARIANNE GUZALL, and
MARIANNE GUZALL, individually,

                Plaintiff,        Civil Action No. 13-11327
                                           Honorable Linda V. Parker
                                           Magistrate Judge David R. Grand

v.

CITY OF ROMULUS, ALAN LAMBERT
and BETSY KRAMPITZ,

                Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT CITY OF ROMULUS'
MOTION TO DISMISS FOR VIOLATION OF COURT ORDER AND/OR IN THE
ALTERNATE STRIKE AUDIO RECORDING WITH OTHER SANCTIONS [74]**

      Before the Court is Defendant City of Romulus' (the "City") Motion to Dismiss for Violation of Court Order and/or in the Alternate Strike Audio Recording with Other Sanctions, which was filed on September 28, 2015. (Doc. #74). On October 9, 2015, Plaintiff Marianne Guzall ("Plaintiff") filed a response to this motion (Doc. #79). An Order of Reference was entered on October 7, 2015, referring the motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #76). An evidentiary hearing was held on this motion on November 23, 2015.

**I.     RECOMMENDATION**

      For the reasons set forth on the record and below, **IT IS RECOMMENDED** that the District Court **GRANT IN PART** the City's request for monetary sanctions and order Plaintiff to compensate the City for its reasonable costs and fees incurred in filing and litigating the instant motion. In all other respects, **IT IS RECOMMENDED** that the City's motion be

**DENIED**.

## II. REPORT

In its motion, the City asks the Court to dismiss Plaintiff's case, asserting that Plaintiff failed to provide her cell phone (containing an audio recording) to a court reporter by the close of business on September 11, 2015, as ordered by the Court in its September 9, 2015 Order (Doc. #70). (Doc. #74). In the alternative, the City asks for an order prohibiting Plaintiff from introducing the audio recording contained on that cell phone into evidence; an order holding Plaintiff in contempt of court; an order quashing Plaintiff's request to produce Mayor Burcroff for continued questioning regarding the audio recording; and/or monetary sanctions. (*Id.*).

The Court heard extensive oral argument on this motion and also conducted an evidentiary hearing, during which it questioned Plaintiff under oath about the issues raised in the motion. During this hearing, it was clearly established that Plaintiff violated this Court's September 9, 2015 Order by failing to timely provide her cell phone to a court reporter. Indeed, Plaintiff's counsel conceded that the Order was violated, indicating that it "troubled" him.

As explained in more detail on the record, however, dismissal of Plaintiff's case at this stage of the proceedings is too harsh a sanction for her violation of the Court Order. This is particularly true where Plaintiff appeared at the evidentiary hearing and surrendered her cell phone to the Court for safekeeping until the parties can agree upon an expert to take possession of the phone and conduct an analysis of its contents. And in light of that, the City's counsel concurred that, at least at this time, outright dismissal would be too harsh a sanction.[1] Given these facts, as well as the fact that Plaintiff has been ordered to appear for a deposition on or before December 8, 2015, at which Defendants can question her in detail about the audio

---

[1] Of course, evidence of other or further wrongdoing or non-compliance with discovery obligations and/or court orders could be grounds for a future motion seeking such sanctions.

recording at issue, the Court also does not believe that entry of an order prohibiting Plaintiff from entering the audio recording into evidence is appropriate at this time.

In its motion, the City asks the Court, in the alternative, to award monetary sanctions as a result of Plaintiff's noncompliance with the prior Order. (*Id.* at 12). As the Court explained at the hearing, because its Order was clear, and its violation required the City to expend resources in bringing its instant motion, a sanction which would reimburse the City for its reasonable costs in that regard is appropriate. *See* Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to [certain enumerated sanctions], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). Plaintiff's counsel did not argue otherwise, and the Court sees no substantial justification for the violation, and no reason why imposing a reasonable monetary sanction against Plaintiff would be unjust.

Accordingly, the Court directed counsel for Plaintiff and the City to meet and confer in an attempt to agree upon the appropriate monetary amount that would adequately compensate the City in these respects and to notify the Court of such an agreement. In the event the parties are unable to so agree, the City shall file a bill of costs on or before December 7, 2015, to which Plaintiff shall have seven (7) days to respond. Thus, for the foregoing reasons, the Court recommends awarding sanctions to the City in an amount to be agreed upon by the parties or subsequently determined by the Court.

In sum, with respect to the City's motion to dismiss or for other sanctions **[74], IT IS RECOMMENDED** that the District Court **DENY** the City's request for dismissal of Plaintiff's case, an order prohibiting Plaintiff from introducing the audio recording into evidence, an order

holding Plaintiff in contempt of court, and/or an order quashing Plaintiff's request to produce Mayor Burcroff for continued questioning regarding the audio recording. However, **IT IS FURTHER RECOMMENDED** that the District Court **GRANT** the City's request for a monetary sanction against Plaintiff in an amount to be determined, as set forth above.

Dated: November 24, 2015   s/David R. Grand
Ann Arbor, Michigan         DAVID R. GRAND
                            United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 24, 2015.

                                s/Eddrey O. Butts
                                EDDREY O. BUTTS
                                Case Manager