UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIANNE D. GUZALL a/k/a
MARIANNA GUZALL,

        Plaintiff,

Civil Case No. 13-11327
Honorable Linda V. Parker

v.

CITY OF ROMULUS, ALAN R. LAMBERT,
and BETSEY KRAMPITZ,

        Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE GRAND'S NOVEMBER 24, 2015 REPORT AND RECOMMENDATION [ECF NO. 100]; DENYING PLAINTIFF'S OBJECTION TO AND/OR MOTION FOR RECONSIDERATION [ECF NO. 104] OF MAGISTRATE JUDGE GRAND'S NOVEMBER 24, 2015 ORDER [ECF NO. 99]; AND IMPOSING SANCTIONS AGAINST PLAINTIFF**

        On November 24, 2015, Magistrate Judge Grand issued two decisions in this case. First, in an order addressing Defendants' motion to adjourn the scheduling order dates (ECF No. 81) and Plaintiff's emergency motion to compel, extend discovery cutoff, and for sanctions (ECF No. 82), Magistrate Judge Grand extended the remaining dates in the scheduling order by sixty (60) days for all parties. (ECF No. 99.) Second, in a Report and Recommendation (R&R) (ECF No. 100), Magistrate Judge Grand recommended that the Court grant in part and deny in part Defendant City of Romulus' "Motion to Dismiss for Violation of

Court Order and/or in the Alternate Strike Audio Recording with Other Sanctions" (ECF No. 74). Specifically, Magistrate Judge Grand ordered Plaintiff to compensate the City of Romulus (hereafter "City") for its reasonable costs and fees incurred in filing and litigating its motion, but recommended that the Court deny the motion in all other respects. (ECF No. 100.) Magistrate Judge Grand "directed counsel for Plaintiff and the City to meet and confer in an attempt to agree upon the appropriate monetary amount that would adequately compensate the City" and, in the event the parties could not agree, instructed the City to file a bill of costs on or before December 7, 2015. (*Id*. at Pg ID 1351.)

On December 7, 2015, Plaintiff filed two separate pleadings, each entitled "Plaintiff's Objection to and/or Motion for Reconsideration of the Magistrate's Report and Recommendation Dated November 24, 2015." (ECF Nos. 103, 104.) In the first filed pleading, addressing Magistrate Judge Grand's R&R, Plaintiff acknowledges that she technically violated a court order by failing to provide her cell phone to a court reporter for verbatim transcription of a recording on the phone. (ECF No. 103.) Plaintiff argues, however, that sanctions are inappropriate because the City was offered and received a transcript of the recording. (*Id*.) In her second filed pleading, Plaintiff's primary focus is on this Court's July 27, 2015 order denying Defendant Lambert's motion to stay. (ECF No. 104.) She addresses Magistrate Judge Grand's November 24, 2015 order only by complaining that he

did not include in the extension of discovery "that Defendant Lambert must answer fact questions in this lawsuit in accord with the law cited." (*Id.*) In both pleadings, Plaintiff asks the Court to allow her husband, attorney Raymond Guzall III, to represent her in this case.

On December 7, 2015, the City also submitted a bill of costs reflecting the amount ($3,531.00) it believes should be awarded as sanctions pursuant to Magistrate Judge Grand's November 24, 2015 R&R. (ECF No. 102.) Attached to the City's submission is an itemized bill from its counsel, reflecting the work performed in connection with its motion for sanctions, the hours billed, and the fees charged. (*Id.*, Ex. 1.) Plaintiff filed objections to the City's bill of costs on December 10, 2015. (ECF No. 106.) In her objections, Plaintiff also asks the Court to do the following:

(1)   remove Defendant Lambert's attorney, John J. Gillooly, from the case based on his conduct during her deposition;

(2)   order Defendants' attorneys to provide Plaintiff and the Court with a videotape of her deposition and a copy of the Michigan State Police investigation report as to Defendant Lambert "so that the court can properly rule that [she] can take the deposition of Defendant Lambert;

(3)   order that Defendants may not depose Plaintiff further; and

(4)   order Mr. Gillooly to pay to replace Plaintiff's cell phone which belongs to the law firm where she works (i.e., her husband Raymond Guzall's firm) because she believes the phone is now compromised, her safety is in jeopardy in that Defendants may be able to track her

3

> movements, and the phone contains privileged attorney/client communications.

(ECF No. 106 at Pg ID 1438-39.)

## Standard of Review

Plaintiff's objections address Magistrate Judge Grand's non-dispositive (ECF No. 99) and dispositive (ECF No. 100) rulings. When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's

objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Analysis**

Plaintiff fails to demonstrate that Magistrate Judge Grand's non-dispositive decision is clearly erroneous or contrary to law. In fact, as indicated, the only complaint she articulates with respect to the magistrate judge's decision extending the scheduling order dates is the lack of an instruction directing Defendant Lambert to answer questions in this lawsuit. This does not demonstrate error in the decision.

This Court denied Defendant Lambert's motion to stay the proceedings based on alleged criminal proceedings. (ECF No. 62.) The Court did not address whether Defendant Lambert could invoke his Fifth Amendment rights when deposed in this matter, as the issue was not presented in his motion. While Plaintiff did seek an order requiring Defendant Lambert to be deposed, an order requiring him to answer all questions posed at his deposition would be

inappropriate- or at least premature as the need for such an order had not been established.

The Fifth Amendment to the United States Constitution provides that "[n]o person shall be . . . compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Fifth Amendment privilege against self-incrimination "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *In re Morganroth*, 718 F.2d 161, 164-65 (6th Cir. 1983) (citing *Lefkowitz v. Turley*, 414 U.S. 70, 94 (1973)); *see also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1074 (6th Cir. 1990). To properly invoke the privilege, one must " 'demonstrate a real danger of incrimination[,]' " *see United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (quoting Brennan v. C.I.R., 752 F.2d 187, 189 (6th Cir.1984)), "and not a mere imaginary, remote or speculative possibility of prosecution." *Morganroth*, 718 F.2d at 167. A "blanket assertion" of the privilege is not permissible and the privilege cannot be claimed in advance of the questions. *Id*. "The privilege must be asserted by a witness with respect to particular questions,

and in each instance, the court must determine the propriety of the refusal to testify."[1] *Id*.

The Fifth Amendment's protection against self-incrimination " 'does not extend to consequences of a noncriminal nature, such as threats of liability in civil suits.' " *Conces*, 507 F.3d at 1040 (quoting *United States v. Apfelbaum*, 445 U.S. 115, 125 (1980)).  Instead, the witness must "risk[] a real danger of prosecution" in that "an answer to a question, on its face, calls for the admission of a crime or requires that the witness supply evidence of a necessary element of a crime or furnishes a link in the chain of evidence needed to prosecute."  *In re Morganroth*, 718 F.2d at 167.  "[A] real danger of prosecution also exists where questions, which appear on their face to call only for innocent answers, are dangerous in light of other facts already developed."  *Id*. (citing *Hoffman v. United States*, 341 U.S. 479, 486-88 (1951)).

In her motion to compel, Plaintiff did not specifically request an order requiring Defendant Lambert to answer the fact questions presented to him at his deposition.  Instead, she only requested an order requiring Defendant Lambert to appear for his deposition "so that he will answer those fact questions . . .." (*See*

---

[1] As such, Defendant Lambert is advised that he may not make a blanket assertion of his Fifth Amendment rights to avoid responding to Plaintiff's questions at his deposition.  His counsel should be prepared to articulate to this Court why answering a *specific* question poses a "real danger of incrimination."  The Court warns that it will impose sanctions for the inappropriate use of the privilege to avoid cooperating in discovery.

ECF No. 82.) For that reason, and because a blanket order prohibiting Defendant Lambert from invoking his Fifth Amendment rights would be inappropriate (at least absent the opportunity for the court to review the specific questions asked), the Court rejects Plaintiff's objections to Magistrate Judge Grand's order titled "Order on Motions- Docket Nos. 81 and 82" (ECF No. 99).

The Court also rejects Plaintiff's objections to Magistrate Judge Grand's determination that sanctions should be imposed due to Plaintiff's failure to comply with a court order requiring her to turn over her cell phone to a court reporter. A review of the pleadings leading to Magistrate Judge Grand's R&R (*see* ECF Nos. 74, 79) reveals that Plaintiff in fact violated Magistrate Judge Grand's September 9, 2015 order requiring her to provide her cell phone to the court reporter before the close of business on September 11, 2015. Plaintiff misses the point when she argues that, while she technically violated the order, there was no harm to the City because a transcript of the recording on her phone already had been prepared by the court reporter and offered to the City's counsel. The court reporter's transcription was from a recording that Plaintiff's previous counsel had made *from* the recording on Plaintiff's phone, which the City's attorney had complained was of poor quality. The City wanted the original recording to verify its accuracy. The Court therefore adopts Magistrate Judge Grand's recommendation to impose sanctions against Plaintiff for violating his September 9, 2015 order.

The Court finds merit, however, to Plaintiff's objections to the City's bill of costs and request for sanctions in the amount of $3,531.00.  First, there is no indication in the City's submission that it complied with Magistrate Judge Grand's order to meet and confer with Plaintiff's counsel "in an attempt to agree upon the appropriate monetary amount that would adequately compensate the City" before filing its bill of costs.  (ECF No. 100 at Pg ID 1351.)  Moreover, the City's bill of costs includes fees for services unrelated to its motion to dismiss and services, which although connected to the motion, relate to issues on which the City did not prevail.  For these reasons, the Court finds the amount sought as a sanction to be inappropriate.  The Court concludes that a sanction of $500.00 is just under the circumstances presented.

As previously mentioned, in her objections, Plaintiff repeatedly asks the Court to allow her husband, attorney Raymond Guzall, to represent her in this litigation.  Mr. Guzall initially represented Plaintiff, but the Court disqualified him in October 2014 because he acted as an Assistant City Attorney for Defendant City of Romulus during the period relevant to Plaintiff's lawsuit.  (ECF No. 38.)  Plaintiff filed a motion for reconsideration with respect to the Court's decision, which the Court denied.  (ECF No. 42.)  For the reasons set forth in those decisions, the Court rejects Plaintiff's current request to allow Mr. Guzall to represent her.  With respect to the other relief Plaintiff requests in her objections,

*see supra* at 3-4, her objection to the City's bill of costs is not the proper filing in which to seek such relief. *See* Fed. R. Civ. P. 7(b), 30(d), (e), 37.

To summarize, the Court rejects Plaintiff's objections to Magistrate Judge Grand's November 24, 2015 decisions. The Court concludes, however, that the amount the City seeks as sanctions against Plaintiff is excessive. A sanction of $500 is more appropriate.

Accordingly,

**IT IS ORDERED**, that Magistrate Judge Grand's "Order on Motions-Docket Nos. 81 and 82" (ECF No. 99) is **AFFIRMED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** Magistrate Judge Grand's November 24, 2015 R&R (ECF No. 100) and **GRANTS IN PART AND DENIES IN PART** Defendant City of Romulus' "Motion to Dismiss for Violation of Court Order and/or in the Alternate Strike Audio Recording with Other Sanctions" (74);

**IT IS FURTHER ORDERED** that sanctions of $500.00 are imposed against Plaintiff in favor of Defendant City of Romulus, to be paid to counsel for Defendant City of Romulus within thirty (30) days of this Opinion and Order.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 7, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 7, 2016, by electronic and/or U.S. First Class mail.

                                              s/ Richard Loury
                                              Case Manager