UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIANNE D. GUZALL a/k/a
MARIANNA GUZALL,

                                                    Civil Case No. 13-11327
            Plaintiff,                              Honorable Linda V. Parker

v.

CITY OF ROMULUS, ALAN R. LAMBERT,
and BETSEY KRAMPITZ,

            Defendants.
_____/

## OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE GRAND'S MAY 20, 2016 ORDER AND AFFIRMING MAGISTRATE JUDGE GRAND'S ORDER

On May 12, 2016, Raymond Guzall III and Raymond Guzall III, P.C. (collectively "Mr. Guzall") filed an Emergency Motion to Intervene in this case in order to object to the Court's discovery order with respect to a cell phone used by Plaintiff and in Plaintiff's possession.  Mr. Guzall claimed he owned the phone and it contains confidential attorney work product and privileged information.  This Court referred the motion to Magistrate Judge David R. Grand.  On May 20, 2016, Magistrate Judge Grand issued an order setting forth a procedure by which the cell phone would be examined by forensic experts chosen by the parties.  (ECF No. 136.)  Presently before the Court is Plaintiff's objection to that order.  (ECF No. 138.)

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

Plaintiff's objections do not claim clear error in Magistrate Judge Grand's analysis of Mr. Guzall's motion to intervene.  Instead, her objections address the fairness of discovery in this case, generally.  More specifically, Plaintiff argues that if the magistrate judge ordered the examination of the cell phone in her possession, the magistrate judge also should have ordered the forensic examination of the cell phones belonging to Defendant Lambert, Defendant Krampitz, Leroy Burcroff, and Julie Wojtylko.  According to Plaintiff, discovery must be fair and "[i]n order to be fair, the current May 20, 2016 order must apply to all parties."  (ECF No. 138 at Pg ID 1983.)

2

When Magistrate Judge Grand issued his May 20, 2016 decision, however, he was not presented with a discovery motion addressing anyone else's cell phone except the phone in Plaintiff's possession.  As such, his failure to order the forensic examination of any other phone was not clear error.  Therefore, the Court rejects Plaintiff's objections to Magistrate Judge Grand's order.

Accordingly,

**IT IS ORDERED**, that Magistrate Judge Grand's May 20, 2016 Order (ECF No. 136) is **AFFIRMED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 23, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 23, 2016, by electronic and/or U.S. First Class mail.

s/Keisha Jackson
Case Manager