UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIANNE D. GUZALL a/k/a
MARIANNA GUZALL,

            Plaintiff,

Civil Case No. 13-11327
Honorable Linda V. Parker

v.

CITY OF ROMULUS, ALAN R. LAMBERT,
and BETSEY KRAMPITZ,

            Defendants.
_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR RELIEF FROM THE COURT'S AUGUST 23, 2016 ORDER

This matter presently is before the Court on Plaintiff's motion for reconsideration. (ECF No. 159.) In the motion, Plaintiff asks this Court to reconsider its August 23, 2016 decision rejecting Plaintiff's objections to Magistrate Judge David Grand's May 20, 2016 discovery order with respect to a cell phone used by Plaintiff and in Plaintiff's possession. Because Plaintiff fails to demonstrate a palpable defect in the Court's evaluation of the only objection she previously raised to Magistrate Judge Grand's order, and because she waived the additional arguments now raised in her motion by failing to timely raise them, the Court is denying Plaintiff's motion.

**Background**

On May 12, 2016, Raymond Guzall III and Raymond Guzall III, P.C. (collectively "Mr. Guzall") filed an Emergency Motion to Intervene in this case in order to object to the Court's discovery order with respect to a cell phone used by Plaintiff and in Plaintiff's possession.  Mr. Guzall claimed he owned the phone and it contains confidential attorney work product and privileged information.  This Court referred the motion to Magistrate Judge David R. Grand.  On May 20, 2016, Magistrate Judge Grand issued an order setting forth a procedure by which the cell phone would be examined by forensic experts chosen by the parties.  (ECF No. 136.)

Plaintiff filed an objection to the order on May 27, 2016.  (ECF No. 138.) Plaintiff asserted only one objection, which was stated in paragraph 10 of her brief: "Plaintiff objects to the Magistrate Judge's order because that order does not include a forensic exam of Defendant Krampitz's phone, Leroy Burcroff's phone, and Julie Wojtylko's phone, all of whom were involved in [Plaintiff's] termination of employment."  (*Id.* ¶ 10.)  Plaintiff argued that "[t]he law requires that discovery be fair" and that, "[i]n order to be fair, [the magistrate judge's] order must apply to all parties."  (*Id.* ¶ 11.)

In an opinion and order issued August 23, 2016, this Court rejected Plaintiff's objection.  (ECF No. 155.)  The Court found no error in Magistrate

Judge Grand's decision because there was no discovery motion pending addressing anyone else's cell phone except the phone in Plaintiff's possession. (*Id*. at Pg ID 3075.) Plaintiff now argues that this statement was factually inaccurate, as she requested that discovery be fair during the parties' conference with Magistrate Judge Grand. Plaintiff asks the Court to reconsider its decision for that reason and because several "other issues exist involving the May 20, 2016 order that are clearly erroneous but were not addressed by the Court in its August 23, 2016 order[.]" (ECF No. 159 at Pg ID 3572.)

## Standard of Review & Analysis

A party objecting to a magistrate judge's non-dispositive decision must file objections within fourteen days after being served with a copy of the decision. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." 28 U.S.C. § 636(b)(1) (emphasis added); *see also* Fed. R. Civ. P. 72(b)(3) (emphasis added) ("The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*.") "A party who fails to so object may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." *Draper v. Adams*, No. 98-1616, 2000 WL 712376, at *3 (6th Cir. 2000) (unpublished). Stated differently, "[f]ailure to file objections within the

requisite time period constitutes a waiver of any further right of appeal." *Venture Funding, Ltd. v. United States*, 190 F.R.D. 209, 212 (E.D.Mich.1999) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)).

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties … have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.' " *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)). The court "will not grant motions for … reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

The arguments asserted in Plaintiff's pending motion for reconsideration, which were not raised in her objections to Magistrate Judge Grand's May 20, 2016 decision, are not timely and therefore were waived. The Court did not address those issues because Plaintiff did not previously raise them. Plaintiff's arguments concerning a May 24, 2016 subpoena issued by Defendant Krampitz are not properly raised in her motion for reconsideration. The subpoena was issued *after* Magistrate Judge Grand's decision and, therefore, was not addressed in his decision. Accordingly, this Court had no reason to address the subpoena in the

4

opinion and order for which Plaintiff now seeks reconsideration. As such, there is no palpable defect in the Court's August 23, 2016 opinion and order based on the Court's failure to address the issues raised for the first time in Plaintiff's pending motion.

There also is no palpable defect in the Court's opinion and order based on its statement that Magistrate Judge Grand "was not presented with a discovery motion addressing anyone else's cell phone except the phone in Plaintiff's possession." (ECF No. 155 at Pg ID 3075.) Contrary to Plaintiff's assertion, this statement is factually accurate regardless of Plaintiff's request during Magistrate Judge Grand's telephone conference with the parties that discovery be "fair." No such discovery motion had been filed.

For these reasons, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 17, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 17, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager