UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, ex rel.
MARIANNE D. GUZALL, and MARIANNE
D. GUZALL a/k/a MARIANNA GUZALL,
individually,

        Plaintiff,                       Civil Case No. 13-cv-11327
                                             Honorable Linda V. Parker

v.

CITY OF ROMULUS, ALAN R. LAMBERT,
and BETSEY KRAMPITZ,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION TO SEND COMPLETE RECORD TO THE 6TH CIRCUIT COURT OF APPEALS"**

Plaintiff filed this lawsuit against Defendants as a qui tam action alleging violations of the federal False Claims Act, and as an individual action alleging violations of her rights under federal and state law. Defendants filed motions for summary judgment, which this Court granted in an Opinion and Order entered on August 8, 2017. Plaintiff has filed an appeal, which remains pending before the Sixth Circuit. *United States ex rel. Marianne Guzall v. City of Romulus*, No. 17-2056 (6th Cir. filed Sept. 6, 2017). Presently before this Court is Plaintiff's motion seeking to include in the record the transcript from Defendant Alan R. Lambert's

April 13, 2013 deposition.[1] (ECF No. 187.) Plaintiff cited to several pages of the transcript in her response to Defendant Lambert's motion for summary judgment, but failed to file the transcript on the Court's CM/ECF system. Plaintiff contends that she did provide the Court with a copy of the transcript when she submitted a courtesy copy of her response brief and that the evidence from Lambert's deposition was material to the disposition of his summary judgment motion.

Plaintiff in fact neither attached the deposition transcript to the courtesy copy delivered to the Court nor otherwise submitted it. Notably, the Court neither relied upon nor referred to any evidence from the deposition in its opinion and order granting Defendants' motions for summary judgment. As such, the Court finds that the deposition was not part of the district court record and therefore should not be included in the record on appeal. *See Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1475 & n.4 (10th Cir. 1993) (refusing to consider evidence not submited to the district court and citing cases reaching the same conclusion); *Whitlock v. Duke Univ.*, 829 F.2d 1340, 1343 (4th Cir. 1987) (rejecting appellant's argument that the court should consider the contents of depositions not given to the district court); *McNeil v. City of Easton*, 694 F. Supp. 2d 375, 395 n.85 (E.D. Pa. 2010) ("Portions of a deposition transcript not filed with the district court cannot be considered by the court in deciding a motion for summary judgment."); *Phillips v. Bacho Dev.*

---

[1] The record does include excerpts from a different deposition of Lambert, taken on October 30, 2015. (*See* ECF Nos. 119-7, 118-3.)

*Corp.*, No. 2:04cv00041, 2005 WL 2276846, at *1 n.3 (W.D. Va. Sept. 18, 2005) (declining to consider deposition testimony referred to in the parties' briefs where the depositions themselves were not filed).

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion to Send Complete Record to the 6th Circuit Court of Appeals (ECF No. 187) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 28, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 28, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
